IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEBRA SLAYTON,

                                OPINION AND ORDER

             Plaintiff,

                                14-cv-117-bbc

    v.

CAROLYN W. COLVIN,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Debra Slayton is seeking review of a final decision by Social Security Agency denying her claim for disability benefits. The administrative law judge, Richard Thrasher, found that plaintiff had a number of impairments, but also that she was not disabled because she retained the ability to perform her past job as a laundry worker as well as other light work such as packager, assembler and folding machine operator. Because I conclude that plaintiff has not shown that the administrative law judge made any reversible errors, I am affirming the decision.


OPINION

The largest portion of plaintiff's 56-page opening brief is titled, "[t]he ALJ erred by failing to provide a complete hypothetical question to the vocational expert which incorporated all of Slayton's limitations." Dkt. #14 at 25. However, a review of the

substance of this argument shows that plaintiff's true criticism is that the administrative law judge cherry-picked the record when deciding what limitations plaintiff had. Arnett v. Astrue, 676 F.3d 586, 591-92 (7th Cir. 2012) ("Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence.").

In his decision, the administrative law judge concluded that plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; occasional stooping, kneeling and crouching; occasional reaching overhead bilaterally; frequent exposure to fumes, odors, dusts, gasses and poor ventilation; and no exposure to moving machine parts or unprotected heights." AR 30. Plaintiff says that, in reaching this conclusion, the administrative law judge overlooked or mischaracterized numerous medical records regarding her condition after May 2012, including those related to her fatigue (caused by Hepatitis C) and pain in her shoulders, elbows and knees. (Plaintiff focuses on the period after May 2012 because the state agency physicians did not review those records.) If the administrative law judge had considered these records properly, plaintiff says, he might have increased her limitations related to pace, standing, reaching and handling.

Having reviewed the administrative law judge's decision, plaintiff's objections and the medical records she cites, I am not persuaded that the administrative law judge made any reversible errors in his handling of the medical evidence.

With respect to plaintiff's fatigue, the only records she cites are self-reports of her

condition; she cites no objective evidence or medical opinions. Even the self-reports are vague and do not necessarily support a finding of limitations greater than what the administrative law judge found. AR 570 ("[T]he patient reports ongoing fatigue and feels this is actually worse than it has been."); AR 610 ("[H]er biggest complaint continues to be generalized fatigue."). In any event, because plaintiff does not cite any objective evidence, the only relevant issue is plaintiff's credibility, which is discussed below.

The same conclusion applies to plaintiff's elbow pain. The records she cites reflect her subjective complaints, not objective evidence. AR 654 (in September 2012, plaintiff stated that she "can't stand the sensation" in her right hand and forearm); AR 624 (in April 2013, plaintiff stated that her pain "has worsened to the point that she can barely touch her elbow"). As the administrative law judge noted, the same records suggest that the medical providers did not believe that plaintiff's elbow pain was a significant limitation. AR 625 ("Both elbows are without erythema, bruising, swelling, deformity . . . . She has full range of motion of the elbows.").

With respect to her shoulder pain, in addition to self-reports, plaintiff cites records stating that she used a TENS unit "intermittently," AR 625 (April 2013), that she had "moderate degenerative changes at the acromioclavicular joint and mild degenerative changes at the glenohumeral joint," in her left and right shoulders (May 2013), AR 574, and a "small central disc protrusion" at the "C4-5 disc space level" and a shallow central disc protrusion at the "C5-6 disc space level." AR 578. In May 2013, an MRI showed "no significant rotator cuff tear, marked acromioclavicular joint arthrosis, probable superior labral tearing, long head

biceps tendon sheath shows a disproportionate amount of fluid compared to the glenohumeral joint. This finding can be associated with long head biceps tenosynovitis." AR 702. With respect to her knee pain, in addition to her subjective complaints, plaintiff cites a finding that she had "mild early degenerative changes in the medial compartment" (May 2013), AR 585, and a finding of a meniscus tear in the right knee (June 2013), AR 705.

As the commissioner points out, the first problem with plaintiff's argument is that plaintiff does not explain how any of these records are inconsistent with the administrative law judge's residual functional capacity assessment. Plaintiff cannot simply list various medical records without showing how they undermine the administrative law judge's conclusions. Second, although the administrative law judge did not discuss every finding in every medical record, he was not required to do that. Jones v. Astrue, 623 F.3d 1155, 1162 (7th Cir. 2010) ("The ALJ need not, however, discuss every piece of evidence in the record and is prohibited only from ignoring an entire line of evidence that supports a finding of disability."). Instead, the administrative law judge focused on the findings related to plaintiff's alleged functional limitations, which is sufficient to allow meaningful review. Arnett, 676 F.3d at 591 ("This court upholds an ALJ's decision if the evidence supports the decision and the ALJ explains his analysis of the evidence with enough detail and clarity to permit meaningful review.").

For example, with respect to plaintiff's shoulder pain, the administrative law judge wrote the following:

> The claimant was seen regarding bilateral shoulder pain in May 2013, where examination findings showed normal gait, tandem gait and neurological

>findings (See Exhibit 16F, p. 10; Exhibit 17F, p. 15). She had no abnormal peripheral functioning and normal cervical spine mobility through active range of motion (See id.). The claimant had normal range of motion of the bilateral shoulders and normal strength through all extremities (See id.). She did have trigger points and palpable bands across the cervical paraspinous, bilateral trapezius and rhomboid muscle groups with myofascial tenderness (See id.). The pain clinic recommended imaging of the shoulders, physical therapy and topical medication for pain management (See Exhibit 16F, p. 11)...
>
>Other findings from May 2013 indicated the claimant had range of motion up to 150 degrees bilaterally in the shoulders with tenderness to palpation in the joints (See Exhibit 17F, p. 3). She had full strength, however, in the joints with giveway weakness likely secondary to pain (See id.). Nerve conduction studies of the right upper extremity were unremarkable for peripheral neuropathy (See Exhibit 17F, p. 4). . . . She reported ongoing improvement of her coccyx pain due to injections (See Exhibit 17F, p. 24; Exhibit 18F, p. 17; Exhibit 20F, pp. 34).

AR 33-34.

With respect to plaintiff's knee pain, the administrative law judge wrote:

>The claimant was . . . seen for right knee pain with findings of good stability in all joints throughout the extremities, being without swelling, restricted motion, erythema or tenderness (See Exhibit 16F, pp. 16-17; Exhibit 17F, p. 21)...
>
>June 2013 findings indicated the claimant walked with a somewhat bent-knee gait and a knee effusion on the right (See Exhibit 18F, p. 9). She had tenderness in the joint with some limitation of range of motion in the right knee; her muscle strength and neurological findings were normal (See id.). . . Examination findings regarding the claimant's knees in late June 2013 indicated good stability through all joints without swelling, restricted motion, erythema ortenderness (See Exhibit 18F, p. 16).

AR 34.

In sum, the administrative law judge declined to find more limitations related to plaintiff's shoulder and knee pain because she had normal range of motion, normal strength and good stability. Plaintiff does not argue that the administrative law judge's discussion of

5

the record is inaccurate. Thus, regardless whether there were clinical findings that the administrative law judge did not discuss, the ultimate question is not the number of medical issues the plaintiff has, but the extent to which those medical issues impair the plaintiff's ability to work. Accordingly, I conclude that the administrative law judge did not err by focusing on what the medical records showed plaintiff could do rather than on each abnormality regardless of its functional effect.

Next, plaintiff challenges the administrative law judge's credibility determination, but the only argument related to credibility she raises is that the administrative law judge used the boilerplate language that the Court of Appeals for the Seventh Circuit has criticized in numerous opinions: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." AR 32. Although it is unfortunate that administrative law judges continue to include this language in their opinions, the court of appeals has stated that use of the boilerplate is not a ground for reversal so long as the administrative law judge otherwise explain his reasons for his credibility determination. Moore v. Colvin, 743 F.3d 1118, 1122 (7th Cir. 2014).

In this case, the administrative law judge gave several reasons for questioning plaintiff's credibility, including the lack of objective medical evidence; the conclusions of her medical providers that she has responded well to treatment despite her assertions to the

contrary and that her complaints of pain are inconsistent with their examinations; and that some of her complaints were not mentioned by her providers. AR 34-35. Plaintiff does not challenge any of these reasons in her briefs, so she has forfeited that issue.

In the section of her brief on credibility, plaintiff includes an argument that the administrative law judge mischaracterized a number of medical records regarding plaintiff's condition before May 2012. This argument is puzzling for two reasons. First, it has no direct connection to the administrative law judge's assessment of plaintiff's credibility. Second, plaintiff concedes in her reply brief (in the context of another argument) that "the ALJ did adequately consider the evidence pre-May 2012." Plt.'s Br., dkt. #25, at 7. Regardless whether plaintiff intentionally waived this issue in her reply brief, she forfeited it by failing to develop the argument in her opening brief. She includes a summary of various pre-May 2012 medical records, but she does not explain how the administrative law judge mischaracterized them, let alone how those records undermine the administrative law judge's residual functional capacity assessment.

Finally, plaintiff includes a section in her opening brief with the heading,"[t]he ALJ erred in failing to consider Slayton's limitations in combination." Plt.'s Br., dkt. #14, at 54. However, this section of her brief seems to be a restatement of previous arguments that the administrative law judge did not properly address evidence related to her fatigue and pain. In fact, plaintiff points to no additional evidence in this section of her brief that the administrative law judge failed to consider. In any event, plaintiff omitted this argument from her reply brief, so she has abandoned or forfeited it.

ORDER

IT IS ORDERED that Debra Slayton's motion for summary judgment, dkt. #13, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 9th day of January, 2015.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge